UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>     Plaintiff,<br><br>     v.<br><br>PURVIS LAMAR ELLIS,<br><br>     Defendant. | Case No. 13-cr-00818-PJH-1   (DMR)<br><br>**ORDER ON GOVERNMENT'S REQUEST FOR CLARIFICATION**<br><br>Re: Dkt. No. 240 |

The court has reviewed the government's "Request for Clarification" of its March 7, 2016 order regarding discovery of cell phone records, as well as Defendants Purvis Ellis, Deante Kincaid, Joseph Pennymon, and Damien McDaniel's opposition thereto. [Docket Nos. 240 (Gov't's Mot.); 245 (Opp'n).] For the reasons stated below, the government's request is denied.

## I.   DISCUSSION

The court held a discovery management conference on March 7, 2016 at which it addressed and ruled upon numerous discovery disputes raised in the parties' letters. One of the disputes involved Defendants' request no. 55, which seeks "[a]ll OPD phone records and any FBI communications with OPD through telephones, whether personal or government-issued, relating to 1/21/13 incident." [Docket No. 159-1 (Chart of Defs.' Discovery Requests).] In their discovery letter brief, Defendants explained their request as follows:

> [t]he police radio broadcasts demonstrate that officers were actively avoiding using monitored official channels of communication but instead were calling each other and potential witnesses on their personal cell phones. The defense has requested either the phone records themselves or a simple spreadsheet listing the phone numbers of each individual officer and witness and the time and duration of the calls between officers and witnesses.

[Docket No. 159 (Defs.' Letter) 2.] They argued that such records are "material and relevant to show that the investigating officers are intentionally talking to people in a way that won't be

preserved." [Docket No. 183 (Mar. 7, 2016 Hr'g Tr) 85.]

At the hearing, Defendants clarified that they sought "just the records from personal phones for calls made in the official course of business," and not "all of the personal phone data." Hr'g Tr. 78. The court ruled that Defendants were entitled to some limited discovery into the officers' use of their personal phones during the investigation, and ordered the government to produce phone records for ten out of approximately 80 officers involved in the investigation, as identified by Defendants. *Id*. at 83 ("if I see that there's diminishing returns, I may not make [the government] do all 80 [officers]. . . .[l]et's start with the 10 key people."), 85, 87. In a minute order memorializing the court's rulings, the court ordered the following with respect to Defendants' request for the cell phone records:

> by 3/14/16, Defendants shall identify the ten officers for which they request personal cell phone records relating to their participation in the investigation/operations on 1/21/13 and 1/22/13, including relevant phone numbers dialed and length of communications. Government shall provide Defendants with a status report regarding obtaining those records within 30 days from the date Defendants identify the ten officers.

[Docket No. 163 (Minute Order).]

Defendants subsequently provided the government with a list of ten officers for whom they requested phone records. On August 2, 2016, the government moved for relief from the court's order. In its motion, the government argued that "some of the officers the defendants listed were not present at the scene on January 21 and 22 [2013]," and that Defendants' request for phone records for those officers was therefore "an impermissible and inappropriate expansion of the Magistrate Judge's order." [Docket No. 207.] The Honorable Phyllis J. Hamilton denied the government's motion for relief as untimely. [Docket No. 223.]

The government now moves for "clarification" of this court's order related to the production of officers' personal phone records. The government contends that "[D]efendants limited their request to records of officers *at the scene who they could show through radio traffic had used cell phones.*" Mot. at 2 (emphasis added). It repeats the argument made in its August 2, 2016 motion for relief that some of the officers on Defendants' list of ten "were not on scene on the night in question," and that the "CAD or radio traffic appears to only show that one of the 10

identified officers used a cell phone." Mot. at 2. The government asks the court to clarify "whether the United States is required to subpoena records for officers (a) who were not present at 1759 Seminary Avenue on January 21 and 22, 2013; or (b) where no evidence has been proffered (CAD, radio traffic or otherwise) that the officer in question used a cell phone in an official capacity." *Id*. at 3.

Contrary to the government's position, Defendants' original written request was not limited to officers on scene on the dates at issue, nor did they agree to so limit the request at the hearing. Specifically, at the hearing, the court described Defendants' request as "wanting phone records of all the officers who were - - personal phone records of everyone who was there." Hr'g Tr. at 78. In response, Defendants clarified that they sought "records from personal phone calls for calls made in the official court of business . . . [f]rom officers involved in the investigation to other officers involved in the investigation and to witnesses . . . [o]n the two days at issue." *Id*. at 78-79.

The court also denies the government's motion to the extent it suggests that Defendants must produce documentary evidence that an officer used a cell phone in an official capacity as a prerequisite to obtaining cell phone records. This misses the point of Defendants' request. Defendants seek the records in order to learn "what officers used back channel communication and when." Opp'n 3. Such calls, by definition, would not likely show up in official investigation records.

**II. CONCLUSION**

The government's request for "clarification" amounts to an untimely motion for reconsideration. It is therefore denied.

**IT IS SO ORDERED.**

Dated: January 31, 2017



Donna M. Ryu
United States Magistrate Judge

3