United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

PURVIS LAMAR ELLIS, et al.,
Defendants.

Case No. 13-CR-00818 PJH

**ORDER DENYING GOVERNMENT'S MOTION FOR RELIEF FROM JANUARY 31, 2017 ORDER OF MAGISTRATE JUDGE; DENYING MCDANIEL'S MOTION FOR REVOCATION OF DETENTION ORDER**

Doc. nos. 271, 272

## I. Government's Motion for Relief

The government has filed a motion seeking relief from Magistrate Judge Ryu's January 31, 2017, order denying its request for clarification of her March 7, 2016, order regarding discovery of individual police officers' cell phone records. Doc. no. 272. Defendants Purvis Lamar Ellis, Deante Terrance Kincaid, Damien Edward McDaniel, and Joseph Pennymon filed an opposition on February 23, 2017, doc. no. 279. In seeking relief from Magistrate Judge Ryu's January 31, 2017 order, the government contends that defendants failed to make a threshold showing of materiality as to the cell phone records of officers who were not on the scene or mentioned on the CAD radio traffic, arguing that only three of the 10 officers identified in defendants' request for cell phone records were mentioned on the radio traffic, and that defendants have not shown that any of the references to using cell phones give rise to information that are material to the defense. Doc. no. 272 at 5.

As Magistrate Judge Ryu articulated, defendants presented sufficient facts to demonstrate the materiality of individual cell phone records to show "what officers used

United States District Court
Northern District of California

back channel communication and when," doc. no. 266 at 3. As established in the record, defendants demonstrated through the CAD radio traffic that officers were communicating with each other on their personal cell phones rather than the official monitored radio channels. The court determines that the defense has made a threshold showing that the cell phone records are material to the defense (a) to discredit the investigation and (b) to piece together the timeline of events and locations of officers, witnesses and defendants on the night of January 21, 2013, which may also assist the defense as impeachment evidence. Doc. no. 279 at 3-4. Because the CAD radio recordings demonstrate that the police officers were using personal phones during the investigation, it is not a purely speculative or unsubstantiated defense theory that the cell phone records may help the defense determine to whom the officers were speaking and when. *See United States v. Soto–Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (test for materiality "is not whether the discovery is admissible at trial, but whether the discovery may assist [the defendant] in formulating a defense, including leading to admissible evidence.") (citation omitted).

The court determines that defendants' showing of materiality is limited to cell phone records related to an individual officer's communications with other officers, witnesses and defendants, and not an officer's private conversations with individuals not involved in the investigation. Accordingly, the government shall redact information from the phone records reflecting personal calls that were not related to the investigation. Furthermore, as the court previously ordered, the government may redact information from the phone records where the redactions are necessary to prevent disclosure of a confidential informant's name, the identity of one or more victims, and information that tends to reveal the informant or victim's identity, such as phone numbers. Doc. no. 223. In all other respects, the government's motion for relief from the nondispositive pretrial order of the magistrate judge is DENIED.

## II. McDaniel's Motion for Revocation of Detention Order

McDaniel seeks revocation of the pretrial detention order issued by Magistrate Judge Ryu pursuant to 18 U.S.C. § 3145(b), on the ground that he is neither a flight risk

nor danger to the community, and that after 48 months of pretrial detention, his right to due process and the change in circumstances, including a new surety, compel pretrial release. Doc. no. 271. The government does not address the issue of flight risk, but argues that McDaniel continues to pose a significant risk to the community. Doc. no. 277. The government also challenges the ground for reopening McDaniel's detention hearing based on a new surety, for lack of new and material information that was previously unknown. The court determines that the matter can be decided on the papers without oral argument, and hereby VACATES the hearing on the motion for revocation of the detention order.

In light of the indictment charging two counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), McDaniel does not raise a dispute that pursuant to 18 U.S.C. § 3142(e)(3)(B), he is subject to a rebuttable presumption that there are no conditions which reasonably will assure his appearance as required and the safety of the community. The government has persuasively shown that McDaniel's prior criminal history demonstrates his threat to the safety of the community: McDaniel led police on a high-speed chase and baited the police car into an ambush where McDaniel slowed his car as a waiting confederate in a nearby house opened fire on the squad car with an assault rifle; as a minor, he was convicted of battery and of threatening a crime with intent to terrorize; he was convicted of being a felon in possession of a firearm; and charges of hit and run and evading police were dropped when he pled to a different crime. Doc. no. 277 at 3.

Although McDaniel does not dispute this criminal history, he contends that he has demonstrated much change in his life and personality since these events took place four years ago. The government argues, however, that his recent endeavors in 2016 to pursue his high school equivalency certificate, complete bible studies, and contact a potential employer do not overcome concerns that he will resort to his demonstrated danger to the community, based on charges that he shot a rival gang member in the head and an Oakland police officer in January 2013. The government also points out

that McDaniel only demonstrated with an email that CostPlus received a communication from him asking for a job interview, but did not show further steps to secure employment, or even whether he disclosed that he was in custody when he contacted CostPlus. Furthermore, as stated on the record at the January 31, 2017 detention hearing, Magistrate Judge Ryu found that Khateeb Almateen's recent attempt to reconnect with McDaniel and willingness to vouch for him as a personal surety after four years of pretrial detention did not assure her that McDaniel would not be a danger to the community. The court adopts the magistrate judge's finding that the availability of a new surety, who did not step forward earlier within the last four years, does not reasonably assure the safety of the community. McDaniel has not sufficiently overcome the presumption that there are no conditions which reasonably will assure the safety of the community. In view of McDaniel's history of committing violent or threatening crimes, this does not present a "close case" that should be resolved in favor of release. *See United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992) (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)).

To the extent that the government objects to reopening the detention hearing pursuant to 18 U.S.C. § 3142(f)(2), on the ground that Mr. Almateen's recent appearance as a proposed surety does not present "information that was not known to the movant at the time of the hearing," the objection is overruled in light of defense counsel's representation that Mr. Almateen's availability as a surety was not previously known.

With respect to McDaniel's objection to continued pretrial detention as a due process violation after four years of pretrial delay, the court notes that the defense has not requested a trial date and has stipulated to exclude time at every status hearing, and that these positions are inconsistent with the complaints of undue delay. Having considered the 18 U.S.C. § 3142(g) factors, namely, (1) the violent and dangerous nature and circumstances of the offenses; (2) the weight of the evidence, which includes the testimony of the officer who was shot; (3) McDaniel's history and characteristics, which includes criminal history of violent and threatening crimes involving firearms, though his

recent academic pursuits and job inquiries are commendable; and (4) the nature and seriousness of the danger to any person or the community posed by McDaniel's release, the court DENIES McDaniel's motion for revocation of the January 31, 2017, detention order.

**IT IS SO ORDERED.**

Dated: March 9, 2017

PHYLLIS J. HAMILTON
United States District Judge