BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendant
PURVIS LAMAR ELLIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PURVIS LAMAR ELLIS, *et al.*<br><br>Defendants. | Case No. 13-cr-00818-PJH<br><br>**DEFENDANT PURVIS LAMAR ELLIS'S SENTENCING MEMORANDUM**<br><br>Date:  February 28, 2018<br>Time: 1:30 pm<br>Judge: Honorable Chief Judge Phyllis Hamilton |

Mr. Ellis is before this Court for sentencing pursuant to a plea agreement entered in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C).  Mr. Ellis agrees with the Probation Officer's recommendation that he be sentenced to a total of 20 years imprisonment, consisting of 10 years on Counts 1 and 2, and the mandatory consecutive 10 years on Count 5.  Mr. Ellis requests that the Court recommend his designation to USP Atwater, and that the Court recommend that he receive credit for all time served in state custody after his arrest on January 22, 2013, and before his transfer to federal custody and jurisdiction.

Designation to Atwater is important so that Mr. Ellis can maintain contact with his son, Purvis, Jr., who is now eight years old.  Since his incarceration on this offense, Mr. Ellis has stayed in contact with his son, who has visited as regularly as possible.  Mr. Ellis understands how important it is for a boy to have a relationship with his father, and he wants to do as much as possible to be a father to his son.  If Mr. Ellis is designated out of state, it will be extremely difficult for Mr. Ellis's son to visit.

Mr. Ellis asks that, pursuant to 18 U.S.C. § 3585(b), the Court recommend that he receive all credit for time served in state custody after his arrest since the offenses for which he was in state custody related to the instant offense.[1]  After the commission of the charged offenses, Mr. Ellis was in state custody from January 22, 2013, the date of his arrest for the instant offenses, until May 20, 2013.  Mr. Ellis was rearrested by state authorities on July 27, 2013, on charges that the federal government subsequently alleged as racketeering or overt acts for the federal offenses.  Mr. Ellis was in custody on those state charges until his custody and primary jurisdiction was transferred to the federal government on January 15, 2014. Presentence Report ("PSR") at 2.  Thus, under Section 3585(b)(1), Mr. Ellis should receive credit for all time served in state custody between January 22, 2013, and his transfer to federal custody.  Furthermore, even if the state offenses were not related to the federal charges, Mr. Ellis should still receive all credit for time served under Section 3585(b)(2),

---

[1] While it is the Bureau of Prisons, and not the sentencing court, that has the authority to calculate credit for time served, *see United States v. Wilson,* 503 U.S. 329, 332-35 (1992), this Court can recommend that a defendant receive credit for time served.

since the arrests were after the commission of the instant offense and the time has not been credited to any other offense.

Mr. Ellis disagrees with two aspects of the Probation Officer's sentencing recommendation. First, because the instant offenses are not drug related and Mr. Ellis has no history of drug or alcohol abuse PSR ¶ 57), there is no basis to require Mr. Ellis to register as a drug offender under state law.

Second, Mr. Ellis respectfully requests that the Court not impose the requirement that he have no contact with his codefendants. While Mr. Ellis has no interest in maintaining contact with his codefendants, the recommendation will affect his designation by the Federal Bureau of Prisons ("BOP"). Mr. Ellis is concerned that if the recommendation stays in the PSR, BOP may be unable to designate Mr. Ellis to Atwater because, to comply with the recommendation regarding the codefendants, BOP will be required to send two of the four defendants out of state, since defendant McDaniel has already been designated to Victorville.

Dated: February 21, 2018

BOERSCH SHAPIRO LLP

_/s/ Martha Boersch_____
Martha Boersch

Attorney for Defendant
PURVIS LAMAR ELLIS