ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOSEPH M. ALIOTO JR. (CABN 215544)
SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

    450 Golden Gate Avenue
    San Francisco, California 94612
    Telephone: (415) 436-7200
    Joseph.Alioto@usdoj.gov
    Scott.Joiner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PURVIS LAMAR ELLIS,<br>DEANTE KINCAID, AND<br>JOSEPH PENNYMON,<br><br>    Defendants. | Case Nos. 13-CR-818-001 PJH<br>             13-CR-818-002 PJH<br>             13-CR-818-004 PJH<br><br>UNITED STATES' JOINT SENTENCING MEMORANDUM AS TO DEFENDANTS ELLIS, KINCAID, AND PENNYMON |

**INTRODUCTION**

The United States respectfully submits this Sentencing Memorandum as to defendants Ellis, Kincaid, and Pennymon. This memorandum is submitted jointly as to all three defendants, who will be sentenced on the same day, in order to facilitate the Court's analysis of the defendants' sentences without needless repetition.

On December 19, 2013, Purvis Ellis, Deante Kincaid, Damien McDaniel, and Joseph Pennymon

were charged in an eight-count indictment alleging racketeering conspiracy, attempted murder, assault with a dangerous weapon, and other crimes. (Ellis Presentence Investigation Report ("PSR") ¶ 1.) Because the Court and the parties are familiar with the facts in this case, it will suffice to state that these charges stemmed principally from the defendants' participation in the "Sem City" street gang, the shooting of a rival in January 2013, and the shooting and beating of an Oakland police officer the following day. (Ellis PSR ¶¶ 8-16.)

Kincaid and Pennymon pled guilty on August 31, 2017. (Kincaid PSR ¶ 3; Pennymon PSR ¶ 4.) Ellis pled guilty three weeks later, on September 21, 2017. (Ellis PSR ¶ 4.) All three defendants pled guilty to Count One, Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d). (Ellis, PSR ¶ 4; Kincaid PSR ¶ 3; Pennymon PSR ¶ 4.) In addition, Ellis and Pennymon pled guilty to Attempted Murder in Aid of Racketeering (Count Two) and to the Discharge of a Firearm in Furtherance of that crime of violence (Count Five), both related to the shooting of a rival on the corner of Foothill Boulevard and Seminary Avenue on January 20, 2013. (Ellis PSR ¶ 4; Pennymon PSR ¶ 4.) In addition to racketeering conspiracy, Kincaid pled guilty to the crimes of Assault with a Dangerous Weapon in Aid of Racketeering (Count Six) and Brandishing a Firearm in furtherance of that crime of violence (Count Seven), which were related to the beating and shooting of an Oakland police officer on January 21, 2013. In summary, the following table indicates the counts to which each defendant pled guilty, the conduct to which it principally refers, and the counts the United States will move to dismiss at sentencing:

|  | Counts to which Def. has pled guilty | Conduct to which guilty pleas relate, other than racketeering conspiracy | Counts to be dismissed at sentencing |
|---|---|---|---|
| Ellis | 1, 2, and 5 | Shooting of rival | 3 and 4 |
| Kincaid | 1, 6, and 7 | Beating of officer | 2, 3, 4, 5, and 8 |
| Pennymon | 1, 2, and 5 | Shooting of rival | 3, 4, 5, and 7 |

In contrast to these defendants, Damien McDaniel (13-CR-818-003) pled guilty on April 27, 2017 to Counts One, Two, Six, and Seven, taking responsibility for his roles in both the shooting of the rival

and the beating and shooting of the officer. (Dkt. no. 300.) McDaniel is the only defendant to have pled guilty to participating in both violent events charged in this case. As a result, the Court sentenced McDaniel to 33 years in prison on September 20, 2017. (Dkt. no. 350.)

The United States agrees with the sentencing guideline calculations set forth in each of the Presentence Investigation Reports, as well as the plea agreements, summarized in the following table. Also included in the table is the United States', defendants' and the Probation Office's joint sentencing recommendation:

|  | CH category | Offense Level | Sentencing Range | Joint Sent. Rec. |
| --- | --- | --- | --- | --- |
| Ellis | III (Ellis PSR ¶ 36) | 33 (Ellis PSR ¶¶ 22-32) | 168-210 mos. + 10 yrs (Ellis PSR ¶¶ 63-65) | 20 yrs. |
| Kincaid | V (Kin. PSR ¶ 51) | 31 (Kin. PSR ¶¶ 22-42) | 168-210 mos. + 7 yrs. (Kin. PSR ¶¶ 97-99) | 23 yrs. |
| Pennymon | III (Penn. PSR ¶ 35) | 33 (Penn PSR ¶¶ 22-31) | 168-210 mos. + 10 yrs. (Penn PSR ¶¶ 58-60) | 18 yrs. |

## DISCUSSION

This case involves serious and violent criminal conduct, and significant sentences of imprisonment are merited. The United States, each of the defendants, and the Probation Office all agree that the recommended sentences are appropriate resolutions in this case.

<u>Purvis Ellis</u>

Purvis Ellis has a long history of gang involvement, dating back to at least 2008 when he associated with both the Acorn gang in West Oakland and the gang in Seminary. His 2008 conviction stemmed from evidence collected during a wiretap focused on Acorn gang members. Gang members in the Seminary area viewed him as a leader, and he maintained a stash of firearms for their use in crimes. However, in comparison to Damien McDaniel, Ellis played a smaller role in the charged crimes. He ferried his coconspirators to and from the scene of the attempted murder but did not participate in the shooting himself. Furthermore, he played no role in the beating of the Oakland officer.

A 20-year sentence in this case accurately reflects the defendant's participation in the charged crimes as well as his serious criminal history and involvement in gangs. The United States respectfully requests the Court impose a sentence of 120 months each on Counts One and Two to run concurrently, and 120 months on Count Five to run consecutively. The government further requests the Court impose a supervised release term of 5 years and $300 in special assessments. The United States will move to dismiss Counts Three and Four at sentencing.

Deante Kincaid

The parties and the probation office agree that a sentence of 23 years' imprisonment is the appropriate resolution for Kincaid's case. Kincaid was identified as the leader in the violent assault against the police officer. After the officer was pulled from his car, Kincaid restrained him against the car door while taunting him, threatening to kill him, and jamming the muzzle of his pistol into the bridge of the victim's nose. Kincaid did not relent even after the victim revealed that he was an officer.

Kincaid has a very lengthy criminal history that includes six felony convictions. He has been convicted of carjacking (PSR ¶ 44) and arrested for violent crimes including robbery (4 times), battery, and murder. (PSR ¶¶58, 59, 61, 63, 71, 75.)

Moreover, beating the officer in this case is similar to other conduct Kincaid has committed in the past, and he remains undeterred. In 2007, Kincaid was sentenced for robbing a store and striking the victim repeatedly with his gun. (PSR ¶ 48.) He also has a history of resisting authority. In 2007, he obstructed officers and had to be restrained by hospital staff. (PSR ¶ 52.) In 2011, Kincaid resisted officers who had to shackle his legs. (PSR ¶ 55.) In 2003, he was convicted of attempted escape. (PSR ¶ 46.) All told, little has deterred the defendant from repeatedly engaging in the similar type of criminal gang behavior exhibited by his conduct in this case.

For those reasons, the United States respectfully requests the Court impose a sentence of 192 months' imprisonment on Counts One and Six to run concurrently, followed by 84 months consecutively on Count Seven. The government further requests the Court impose a supervised release term of 5 years and $300 in special assessments. The United States will move the Court to dismiss Counts Two through Five and Eight at sentencing.

Joseph Pennymon

The defendant was 23 years old when he committed the charged crimes. His criminal history is relatively devoid of violence. He has only suffered one adult conviction (his sole juvenile conviction was for selling marijuana and he served no time). The recommended sentence of 18 years would be significantly greater than the only other custodial sentence he has served, 2 years in 2009.

But perhaps most significant from the United States' perspective, Pennymon has not had a lengthy involvement in violent criminal gangs, as the other defendants have. Pennymon grew up in Brookfield Village, near the Oakland airport, and only came to Seminary when his grandmother moved to 65th Street. His sole adult conviction stems from a crime he apparently committed in Bakersfield, 300 miles south of Oakland. Pennymon appears to have been a relatively recent arrival in Seminary, and he has no gang-related tattoos indicating a deeper connection to the Seminary neighborhood. The other three defendants, Ellis, Kincaid, and McDaniel, each have a prominently displayed "5900" tattoo, representing their link to the gang's early hangout at the so-called "Bungalows" in the 5900 block of Bromley.

The recommended 18-year sentence is justified when compared to the conduct and sentences of the other defendants in this case. Damien McDaniel was sentenced last fall to 33 years in prison, but his case presents a far different one than Pennymon's. Pennymon and McDaniel both participated in and pled guilty to the attempted murder. But, McDaniel pled guilty to the beating and shooting of the officer; Pennymon did not. McDaniel also had a much more violent past that included assaults, firearms crimes, and in one instance, the luring of police officers into an ambush in which they were fired on by McDaniel's fellow gang members. McDaniel's criminal history consisted of five convictions and six other arrests on charges including robbery and battery. Pennymon, on the other hand, has a relatively more benign criminal background. McDaniel's offense level, criminal history category, and sentencing guidelines range were all higher than Pennymon's. Finally, unlike Pennymon, McDaniel had been a member of the gang on Seminary Avenue for at least six years before committing the crimes charged in this case.

Purvis Ellis also presents a much different case, even though he and Pennymon pled guilty to the same crimes and have the same criminal history category and offense levels. Ellis has been a member of Sem City for years, dating back to at least 2008, when the gang used "The Bungalows" on the 5900 Block

of Bromley as their principal meeting point.  During that time, Ellis also associated with the Acorn gang in West Oakland.  His 2008 conviction and sentence to 11 years in prison stemmed from evidence gathered on the "Nutcracker" wiretap operation of Acorn gang members.  When Ellis was released back into the community in 2012, he quickly became a Sem City leader and organizer.  He kept firearms in the Seminary Avenue apartments to be used by other members of the gang.  By all indications, Pennymon was a recent associate of the gang with no leadership qualities.  Finally, unlike the case with Pennymon, part of Ellis's agreement with the United States was that the government not prosecute a drug smuggling crime that occurred after the defendants were arrested in this case.

## CONCLUSION

For the reasons outlined above, the United States respectfully requests the Court accept the plea agreements and impose the recommended sentences of imprisonment.

Dated: February 21, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

*/s/ Joseph M. Alioto Jr.*

JOSEPH M. ALIOTO JR.
SCOTT D. JOINER
Assistant United States Attorneys