1
2
3
4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,
                                                Case No.  13-cr-00818-PJH-1
8              Plaintiff,

9         v.                                    **ORDER DISMISSING § 2255 MOTION
                                                WITH LEAVE TO AMEND**
10   PURVIS LAMAR ELLIS,
                                                Re: Dkt. No. 411
11             Defendant/Movant.

12

13

14          Before the court is the motion of defendant Purvis Lamar Ellis, appearing pro se,

15   for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  For the

16   reasons set forth below, defendant's § 2255 motion is DISMISSED WITH LEAVE TO

17   AMEND pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the

18   United States District Courts, 28 U.S.C. foll. § 2255.

19                                    **BACKGROUND**

20          Mr. Ellis is currently serving a sentence imposed by this court.  On December 19,

21   2013, Mr. Ellis was charged in the following counts of an eight-count indictment:

22   Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); Attempted

23   Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5) and 2 (Count Two);

24   Assault with a Dangerous Weapon/Resulting in Serious Bodily Injury in Aid of

25   Racketeering in violation of 18 U.S.C. § 1959(a)(3) and 2 (Count Three); Maiming in Aid

26   of Racketeering in violation of 18 U.S.C. § 1959(a)(2) and 2 (Count Four); and

27   Use/Possession/Brandish/Discharge of a Firearm in Furtherance of a Crime of Violence

28   in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (Count Five).

Counsel for Mr. Ellis and his co-defendants jointly filed several pretrial motions, including motions for a bill of particulars; motion to dismiss, or, in the alternative, for a bill of particulars; motion for discovery and disclosure of FRE 404(b) evidence and disclosure of identity of confidential informant; motion for search and disclosure of electronic surveillance; motion to suppress pretrial and in-court identifications; motion to suppress evidence seized from search on residential curtilage; motion to suppress evidence from an apartment search and for a *Franks* hearing; motion to suppress evidence seized pursuant to arrest; and motion to suppress evidence seized from digital devices. After ruling on defendants' pretrial motions, the court referred the case to a United States Magistrate Judge for discovery disputes. Dkt. nos. 127, 143, 147. Defendants litigated several discovery matters before the Magistrate Judge, including disclosures about the use of cell-site simulators. *See* dkt. no. 215. Counsel for Mr. Ellis subsequently filed motions on behalf of all defendants to suppress evidence obtained from cell-site simulators and evidence seized during an apartment search, which the court denied by order entered August 24, 2017. Dkt. no. 337.

On September 21, 2017, Mr. Ellis entered a guilty plea to Counts One, Two and Five pursuant to a written plea agreement under Rule 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure. On February 28, 2018, the court sentenced Mr. Ellis to a total term of 240 months of imprisonment, consisting of 120 months on Count One and Two, to be served concurrently, and 120 months on Count Five to be served consecutively to all other counts; 5 years of supervised release; and a $300 special assessment. Counts Three and Four were dismissed on the government's motion.

On August 19, 2019, Mr. Ellis filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence, asserting a claim of ineffective assistance of counsel for failing to file a notice of appeal at petitioner's request. Dkt. no. 411. Because Mr. Ellis was convicted of Count Five for use/possession/brandish/discharge of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A), the court notified the Office of the Federal Public Defender ("FPD") of his pro se § 2255 motion pursuant to

1   Miscellaneous Order 2019.08.05, in which the court presumptively appointed the FPD to

2   represent any defendant previously determined to have been entitled to appointment of

3   counsel to determine whether that defendant may qualify for relief under § 2255 in light of

4   the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the

5   residual clause defining a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is

6   unconstitutionally vague.  On September 9, 2019, the FPD filed a notice of non-

7   intervention stating that it will not seek appointment to represent Mr. Ellis on any *Davis*

8   claim, without taking a position on the merits of any potential *Davis* claim.  Dkt. no. 414.

9   Having been so notified by the FPD, the court proceeds with a preliminary review of the

10  § 2255 motion.

**DISCUSSION**

11

12  **I.    Legal Standard**

13          Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside,

14  or correct a sentence on the grounds that "the sentence was imposed in violation of the

15  Constitution or laws of the United States, or that the court was without jurisdiction to

16  impose such sentence, or that the sentence was in excess of the maximum authorized by

17  law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner filing a

18  claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary

19  hearing "[u]nless the motion and the files and records of the case conclusively show that

20  the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *United States v. Leonti*, 326

21  F.3d 1111, 1116 (9th Cir. 2003).

22          The Sixth Amendment right to counsel guarantees effective assistance of counsel.

23  *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).  A successful claim of

24  ineffective assistance has two components.  First, a defendant must show that counsel's

25  performance was deficient.  *Id.* at 687.  Deficient performance is representation that falls

26  below an objective standard of reasonableness.  *Id.* at 688.  Second, having established

27  deficient performance, the defendant must show he was prejudiced by counsel's errors;

28  that is, there must be a reasonable probability that but for counsel's unprofessional

3

1  errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable

2  probability is a probability sufficient to undermine confidence in the outcome. *Id.*

3  In order to demonstrate deficient performance, a habeas petitioner is required to

4  show that counsel made errors so serious that counsel was not functioning as the

5  "counsel" guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. The

6  relevant query is not what defense counsel could have done, but rather whether the

7  choices made by defense counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d

8  1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly

9  deferential, and a court must indulge a strong presumption that counsel's conduct falls

10  within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at

11  689.

12  **II.  Initial Review of Section 2255 Motion**

13  The court conducts an initial review of this motion to determine whether it presents

14  a cognizable claim for relief and requires a response by the government. A district court

15  must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any

16  attached exhibits, and the record of prior proceedings that the moving party is not entitled

17  to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States

18  District Courts.

19  The § 2255 motion alleges that counsel was ineffective in failing to file an appeal

20  at his request. Mr. Ellis offers the following facts in support of that claim: "After

21  sentencing on February 28, 2018, Petitioner had requested counsel to file a notice of

22  appeal. Counsel failed to file the appeal." Dkt. no. 411. Mr. Ellis also indicates "no

23  appeal filed – plea waiver of appeal rights." The court construes this statement to refer to

24  the express waiver provision of the plea agreement agreeing to "give up my right to

25  appeal my conviction, the judgment, and orders of the Court, as well as any aspect of my

26  sentence, . . . except that I reserve my right to claim that my counsel was ineffective."

27  Dkt. no. 352 ¶ 4.

28

4

1       Under Ninth Circuit authority, an appeal waiver contained in a plea agreement is

2 enforceable if "the language of the waiver encompasses [the defendant's] right to appeal

3 on the grounds raised, and if the waiver was knowingly and voluntarily made." *United*

4 *States v. Torres*, 828 F.3d 1113, 1124 (9th Cir. 2016) (citation and marks omitted). Mr.

5 Ellis does not allege that his entry into the plea agreement was not knowing or voluntary,

6 nor does he challenge the sufficiency of the plea colloquy, to show that the appeal waiver

7 was not knowing, voluntary, and intelligent. *See United States v. Pollard*, 850 F.3d 1038,

8 1043 (9th Cir.), *cert. denied*, 138 S. Ct. 568 (2017).

9       The Supreme Court has held that a written plea agreement waiving the right to

10 appeal the sentence does not bar a federal criminal defendant from challenging the

11 constitutionality of the statute of conviction on direct appeal. *Class v. United States*, 138

12 S. Ct. 798, 804-05 (2018). *See also Pollard*, 850 F.3d at 1043 (recognizing that an

13 appeal waiver cannot bar a constitutional challenge). Here, Mr. Ellis has not asserted

14 any constitutional challenge to his sentence that he would have raised on appeal.

15 Without an allegation of the grounds he would have raised on appeal to challenge his

16 conviction and sentence, Mr. Ellis fails to allege either that his counsel's performance

17 was deficient or that he was prejudiced by his counsel's alleged errors, as required to

18 establish a cognizable claim of ineffective assistance of counsel.

19       Though the allegations of ineffective assistance of counsel are merely conclusory,

20 amendment of the § 2255 motion does not appear futile. Accordingly, the court

21 dismisses the § 2255 motion without prejudice and grants Mr. Ellis leave to file an

22 amended § 2255 motion that specifies with particularity "all the grounds for relief

23 available" and to "state the facts supporting each ground." Rule 2(c), Rules Governing

24 Section 2255 Proceedings for the United States District Courts. *See Henderson v.*

25 *Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) (citing *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th

26 Cir. 1971) (per curiam) ("[A] petition for habeas corpus should not be dismissed without

27 leave to amend unless it appears that no tenable claim for relief can be pleaded were

28 such leave granted.")). As a point of clarification, the court notifies Mr. Ellis that asserting

1  a claim of ineffective assistance of counsel effectively waives his attorney-client privilege

2  as to his communications with his attorneys that are relevant to his ineffective assistance

3  claims.  "In performing their constitutional duties, the federal courts have determined that

4  claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner

5  waives his [attorney-client] privilege for the purposes of resolving the dispute."  *Bittaker v.*

6  *Woodford*, 331 F.3d 715, 722 (9th Cir. 2003).

7       Mr. Ellis is hereby granted leave to amend his motion within thirty (30) days to

8  include a cognizable claim for relief pursuant to § 2255.  If he fails to amend or otherwise

9  respond within thirty days of the date of this order, the court will issue a final order

10  dismissing the current § 2255 motion with prejudice for failure to state a cognizable claim

11  for relief.

12       **IT IS SO ORDERED.**

13  Dated:  October 9, 2019

14  /s/ *Phyllis J. Hamilton*
    PHYLLIS J. HAMILTON
15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28