United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>PURVIS LAMAR ELLIS,<br>　　　　　Defendant/Movant. | Case No. 13-cr-00818-PJH-1<br><br>**ORDER TO SHOW CAUSE; ORDER AUTHORIZING GOVERNMENT TO CONDUCT LIMITED DISCOVERY SUBJECT TO NARROW WAIVER OF ATTORNEY-CLIENT PRIVILEGE AS TO INEFFECTIVE ASSISTANCE CLAIM; ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 418 |

Pursuant to the October 9, 2019, order dismissing § 2255 motion with leave to amend, defendant Purvis Lamar Ellis, appearing pro se, has filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The amended § 2255 motion asserts that "if counsel would have filed a notice of appeal as requested, he would have raised the constitutionality of his 18 U.S.C. § 924(c) conviction [for discharge of a firearm in furtherance of a crime of violence], which relates back to his conspiracy Racketeering conviction in Count One of the Indictment." Dkt. no. 418. The amended motion further claims that "[b]ecause counsel did not file a notice of appeal, Movant was prejudiced in that he would have received relief in the form of vacatur of his 18 U.S.C. § 924(c) conviction and sentence (Count Five), in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019)." Liberally construed, this claim of ineffective assistance of counsel for failure to file an appeal from the § 924(c) conviction appears colorable under 28 U.S.C. § 2255 and merits an answer from respondent.

The court having notified Ellis that asserting a claim of ineffective assistance of counsel effectively waives his attorney-client privilege as to his communications with his attorneys that are relevant to his ineffective assistance claim pursuant to *Bittaker v. Woodford,* 331 F.3d 715, 722 (9th Cir. 2003), Ellis expressly "waives attorney-client privilege with respect to counsel's failure to file a notice of appeal." Dkt. no. 418. Because Ellis asserts that he asked counsel to file a notice of appeal, the court finds good cause for the government to conduct discovery of privileged attorney-client communications subject to his narrow waiver of the attorney-client privilege, only as necessary to respond to the § 2255 motion as limited to the matters raised by Ellis's ineffective assistance of counsel claim, pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings. Consistent with *Bittaker*, 331 F.3d at 727-28, the government's use of any confidential attorney-client communications disclosed in these proceedings is restricted from (1) using the privileged materials for any purpose other than litigating Ellis's § 2255 motion, and (2) disclosing the privileged materials to any other persons, excluding other representatives of the United States Attorney's Office and law enforcement agencies assisting in the government's response to the § 2255 motion.

Movant Ellis also seeks appointment of counsel on his § 2255 motion. The Sixth Amendment's right to counsel does not apply in habeas actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Generally, the decision to appoint counsel is within the district court's discretion. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of § 3006A is to provide appointed counsel whenever the failure to do so would amount to a denial of due process. *Id.* Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a pro se petitioner to present forcefully and coherently his contentions based on a good understanding of the issues. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Where an evidentiary hearing must be held, however, appointment of counsel is

mandatory. *See Chaney*, 801 F.2d at 1196; see also Rule 8(c), Rules on Motion Attacking Sentence Under Section 2255. The court finds here that the ineffective assistance claim asserted in the amended § 2255 motion is not complex and that Ellis has demonstrated the ability to present his arguments. Accordingly, movant's request for appointment of counsel is DENIED. However, as the case progresses, if circumstances arise rendering an evidentiary hearing necessary, Ellis may renew his motion for appointment of counsel.

**CONCLUSION**

For the foregoing reasons, the court ORDERS as follows:

1. The government shall file with the court and serve on Ellis, within 49 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" on Ellis's claim of ineffective assistance of counsel for failure to file an appeal from the § 924(c) conviction.

2. If Ellis wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the government within 35 days of the date the answer is filed.

3. Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, the government is authorized to conduct limited discovery of privileged attorney-client communications, subject to Ellis's narrow waiver of the attorney-client privilege, only as necessary to respond to the claim of ineffective assistance of counsel for failure to file an appeal from the § 924(c) conviction. The government is prohibited from (1) using the privileged materials for any purpose other than litigating Ellis's § 2255 motion, and (2) disclosing the privileged materials to any other persons, excluding other representatives of the United States Attorney's Office and law enforcement agencies assisting in the government's response to the § 2255 motion.

///

///

4. Ellis's request for appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: November 18, 2019

                                          /s/ *Phyllis J. Hamilton*
                                          PHYLLIS J. HAMILTON
                                          United States District Judge