UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>PURVIS LAMAR ELLIS,<br>　　　　Defendant. | Case No. 13-cr-00818-PJH-1<br><br>**ORDER RE PRIVILEGE WAIVER, DISCOVERY REQUEST AND HEARING DATE**<br><br>Re: Dkt. Nos. 553, 558 |

　　　　Before the court is the government's motion to "permit discovery and for a finding of waiver of attorney-client privilege for the evidentiary hearing." See Dkt. 553.  The court finds that the issues presented by the government's motion have already been fully resolved by the court during previous proceedings in this case.  Specifically, when filing his amendment to his § 2255 petition, defendant expressly stated that he "hereby waives attorney-client privilege with respect to counsel's failure to file a notice of appeal." See Dkt. 418 at 1.

　　　　After the § 2255 petition was filed, the court issued an order to show cause, citing defendant's waiver of privilege, and "find[ing] good cause for the government to conduct discovery of privileged attorney-client communications subject to his narrow waiver of the attorney-client privilege, only as necessary to respond to the § 2255 motion as limited to the matters raised by Ellis's ineffective assistance of counsel claim." See Dkt. 419 at 2.

　　　　Accordingly, the court has already determined that defendant has indeed waived attorney-client privilege for purposes of litigating the § 2255 motion, and that discovery is warranted.  Specifically, the government was permitted to conduct discovery of

communications between defendant and his attorney and of business records reflecting those communications insofar as they pertain to the issue raised—ineffective assistance of counsel for her failure to file a notice of appeal. Those findings were intended to apply throughout the pendency of these proceedings, and thus, the government's motion to confirm (Dkt. 553) is GRANTED.

The government has also filed a second motion, seeking a continuance of the October 19, 2023 evidentiary hearing. See Dkt. 558. The government argues that it does not have sufficient time to obtain and review the discovery that it seeks. However, despite the evidentiary hearing being on calendar since July 2023, the government waited until just 20 days before the hearing to file its motion seeking discovery, and waited until nine days before the hearing to seek this continuance. Given that the court had already issued an order, in November 2019, establishing that the government did have the right to seek discovery within the confines of the limited privilege waiver by defendant, the government has not and cannot provide any reasonable justification for its delay. Indeed, it is unclear whether the government has already propounded discovery requests and is effectively moving to compel or if the government has not yet propounded discovery of the pertinent witnesses in this action. Accordingly, the government's motion to continue the evidentiary hearing is DENIED. The hearing will go forward as scheduled on **October 19, 2023** at **9:30 a.m.**

Finally, the court notes that defendant's counsel filed a response to the government's motion re privilege waiver and discovery that went beyond those two issues which are addressed herein. See Dkt. 556. The government will be provided an opportunity to reply to that response after the evidentiary hearing.

**IT IS SO ORDERED.**

Dated: October 11, 2023

       /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge